SUCCESSION OF ALFONZO, PLAINTIFF AND APPELLANT, *v.* ROSSO ET AL., DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of Arecibo in an action for the liquidation of a partnership, the annulment of a deed, etc.

No. 1099.—Decided May 22, 1914.

MERCANTILE PARTNERSHIP—ACTION FOR ACCOUNTING—PRESCRIPTION.—In accordance with Law LXIII of Toro, which is Law VI, Title XV, Book IV, of the *Recopilación,* and Law V, Title VIII, Book XI, of the *Novísima,* an action for an accounting in the management of a commercial partnership prescribes in twenty years.

INHERITANCE—ACTION TO CLAIM INHERITANCE—PRESCRIPTION.—In accordance with Law LXIII of Toro, an action to claim inheritance prescribes in thirty years.

ID.—ACTION TO ANNUL PARTITION OF INHERITANCE—ACTION TO ANNUL WILL—PRESCRIPTION.—From the face of the complaint filed in 1910 it appears that all the rights which the plaintiff in this case may have are based on a certain simulated contract of bargain and sale entered into prior to 1879 between P. R., the grandfather of the plaintiffs, and M. R., his brother;

and it also appears that the said rights have totally prescribed. *Held:* That such being the case, the plaintiffs have no cause of action for the annulment of the will of M. R., who died in the year 1896, and of the partition of his estate made in the same year, especially in view of the fact that R. J. R., the mother of the plaintiffs and the testamentary heir of M. R., received her inheritance in 1896 and there has been no objection thereto.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellant.

*Mr. Félix Santoni* for Josefa R. Rosso, Francisco Rodríguez, Magdalena Goicouria and her children.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Arecibo in an action for the liquidation of a partnership, the annulment of deeds and other matters.

The complaint substantially alleges as follows: That about the year 1840 Manuel and Pedro Rosso formed an industrial partnership in Arecibo which continued until January 14, 1879, when it was dissolved by the death of Pedro Rosso; that said Pedro Rosso had several children, among them Rosa Joaquina Rosso who married Alfredo C. Alfonzo; that the succession of Rosa Joaquina Rosso and Alfredo C. Alfonzo is composed of the plaintiffs in this action; that Manuel Rosso, with the consent of his brother and partner, Pedro, simulated a sale by the latter to the former of all his property and to secure Pedro in his rights to the property conveyed, Manuel made a will naming Pedro as his usufructuary heir of a life estate in all the property he might leave at his death; that besides making Pedro his usufructuary heir, the said Manuel, in fraud of the lawful heirs of Pedro, named his nieces, Josefa Rita and Emilia Rosso, daughters of Pedro, and Josefa Rita, a foundling, as his sole and universal heirs upon the termination of the said usufructuary life estate, of a third part of his property, and his nephews and nieces, Rosa Joaquina, Pedro José, Eduardo and Juan Rosso, legitimate children of Pedro, Manuel Antonio and José Enrique, foundlings, and Francisco Rodríguez, of the other two-thirds; that Pedro died on January 14, 1879; that

up to that date the partnership existed between the two brothers and they together managed all the property they had notwithstanding the fraudulent conveyance which had been made, and, upon the death of Pedro, Manuel continued in possession of all the property without making a liquidation of the partnership, thereby depriving the heirs of Pedro, among them the plaintiffs, of all their rights; that thus the estate remained undivided until the death of Manuel, which occurred on March 12, 1896; that when Manuel died his nephew Eduardo took charge of the property and managed it at his pleasure until December 14, 1896, when he acknowledged the heirs named by Manuel in his will and proceeded to partition and allot it; that in the said partition and allotment he defrauded the true owners of the property by means of a false inventory and false appraisement, and that such frauds were unknown to the plaintiffs and their parents until they made investigations upon the death of Eduardo Rosso, which occurred about one year before they filed the complaint.

The complaint concludes with the prayers: (1) That a liquidation of the partnership of Rosso Brothers be ordered; (2) That the will of Manuel Rosso and the deed of partition of the property he left be declared null and void; (3) That the proper testamentary proceedings be had for the allotment of the hereditary estates of Pedro and Manuel Rosso.

The defendants demurred on the following grounds: (1) Misjoinder of actions; (2) Insufficient facts to constitute a cause of action; (3) Lack of cause of action based particularly on prescription. The demurrer was sustained on all its grounds, and as the plaintiff succession was not granted leave to amend its complaint, judgment was rendered at its instance and then the plaintiff appealed therefrom to this court.

We have considered carefully all the questions involved in the case and, in our opinion, the judgment appealed from should be affirmed.

The action *pro socio* between partners which the heirs of

Pedro Rosso might have brought against Manuel Rosso to demand an accounting of the management of the partnership of Rosso Brothers has more than prescribed. Pedro Rosso died on January 14, 1879, and, as the complaint itself states, the industrial partnership of Rosso Brothers was dissolved from that date. From January 14, 1879, when the action might have been brought, to September 10, 1910, when the complaint was filed, there had elapsed more than the twenty years required for the prescription of that kind of actions by Law LXIII of Toro, which is Law VI, Title XV, Book IV of the *Recopilación,* and Law V, Title VIII, Book XI of the *Novísima.* II Commentaries on the Laws of Toro by Llamas and Molina, 337.

And even if the action of the plaintiffs could be considered as an action to claim inheritance, it would have prescribed also at the time when it was brought because of the lapse of more than the thirty years fixed by the said Law LXIII of Toro.

The Supreme Court of Spain, in its judgment of January 20, 1866, XIII Civil Jurisprudence, 69, held "that an action to claim inheritance for the recovery of property from one in lawful possession thereof prescribes in favor of such possessor in thirty years, and a judgment so decreeing is not in violation of Law LXIII of Toro, the 6th *Fuero de Prescriptionibus* or the jurisprudence of the Supreme Court based upon these laws."

The same Supreme Court of Spain, in its judgment of May 17, 1887, LXI Civil Jurisprudence, 799, as it had repeatedly done before, held that if the period of thirty years prescribed by Law LXIII of Toro is allowed to elapse "rights, however worthy they may be, are lost and acts which are even null or vicious become valid if the proper action is not made use of in due time to annul them, for the reason that a question of public policy is involved."

And as to the annulment of the will and partition of the

property, it is manifest that the complaint docs not state facts sufficient to constitute a cause of action.

If the plaintiffs in this action have any rights against Manuel Rosso or his successors, such rights, according to the complaint, would be derived from the simulated contract entered into by the said Manuel Rosso and his brother Pedro, the father of Rosa Joaquina Rosso who was the mother of the plaintiffs, by which contract it appears that Pedro sold all his property to Manuel, and we have seen already that such rights had prescribed by the lapse of more than thirty years.

By virtue of the simulated contract, if such it were, all the property apparently passed at once, or at least from the year 1879, to the possession of Manuel. He held the said property during his life as his own and disposed of it as his own to take effect after his death which occurred in 1896, in which same year the said property was distributed among his testamentary heirs, among whom was Rosa Joaquina, the mother of the plaintiffs.

And so that which was unlawful and null and void when it was done having acquired practical reality at least since January 14, 1879, when Pedro died and all his property actually passed to Manuel, the said reality having continued for a period of more than thirty years, it at least was converted into a valid act and cannot now be overthrown.

And this conclusion appears much more obvious and just when those who seek to recover are the children of a testamentary heir of Manuel Rosso, which heir had accepted the share which, according to the testament and the partition, belonged to her in the estate of Manuel, fourteen years before the complaint was filed.

Having reached the foregoing conclusions, there is no necessity for even discussing the fact that the third prayer of the complaint to the effect that the proper testamentary proceedings should be had for the allotment of the estates of Pedro and Manuel Rosso, is manifestly without merit.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.